# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STANTON SQUARE, LLC | * | CIVIL ACTION |
|           Plaintiff | * | No. 2:23-cv-05733 |
| | * | |
| VERSUS | * | SECTION "O" |
| | * | JUDGE BRANDON S. LONG |
| THE CITY OF NEW ORLEANS, | * | |
| THE NEW ORLEANS CITY COUNCIL, and | * | |
| FREDDIE KING, III, | * | MAGISTRATE "5" |
| in his official capacity as a member of the | * | JUDGE MICHAEL NORTH |
| New Orleans City Council | * | |
|           Defendants | * | |
| | * | |

*******************************************

## DEFENDANTS' RESPONSE AND OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR LEAVE TO AMEND COMPLAINT

The Defendants, the City of New Orleans, the New Orleans City Council, and Freddie King, III, in his official capacity as a member of the New Orleans City Council ("Defendants"), oppose Plaintiff's Second Motion for Leave to Amend Complaint (R. Doc. 39) (the "Motion") and respectfully offer this response.

## BACKGROUND

Plaintiff filed its Original Complaint in this case on October 6, 2023. (R. Doc. 1). At the time she filed this complaint, a state court case was pending in the Civil District Court of Orleans Parish that dealt with exactly the same subject matter. The state court case was ripe for adjudication, but Plaintiff voluntarily dismissed the case for tactical reasons, and proceeded with the instant case.

In response to Plaintiff's Original Complaint, Defendants filed their Motion to Dismiss for Failure to State a Claim. (R. Doc. 14). The Motion to Dismiss is pending. On April 28, 2024, Plaintiff filed an *ex parte* motion requesting a scheduling order. (R. Doc. 30). Presumably, Plaintiff

sought to obtain discovery in this case before the Court ruled on the Motion to Dismiss; Plaintiff initiated discovery soon thereafter. The Court issued a Scheduling Order on June 6, 2024. (R. Doc. 34). The Scheduling Order contained pleading and discovery deadlines. The deadline to amend pleadings passed on July 5, 2024.

On July 3, 2024, Plaintiff filed a first Motion for Leave to Amend Complaint. (R. Doc. 35). Defendants opposed this motion on the grounds of futility. (R. Doc. 38). On July 17, 2024, Plaintiff's filed the instant Motion.

## ARGUMENT

In the Motion, Plaintiff seeks to amend its complaint for a second time based on a *recommendation* made by the New Orleans City Planning Commission ("CPC") to change the area of the City's Future Land Use Map ("FLUM"). The land-use recommendation covered Plaintiff's property and other property owners. The recommendation was that permitted land use should change from multi-family to single family. However, the addition of these proposed allegations, even if presumed to be true, do not make Plaintiff's claims any less plausible than they already were. As such, the second proposed amendment, as described in the Motion, is futile and the Motion should be denied.[1]

Several reasons demonstrate this futility.[2] First, the CPC's recommendation to down-FLUM the Plaintiff's property is not binding. CPC's recommendations for all FLUM amendments must first be transmitted to the City Council, in accordance with the Council's Rules and Regulations. Next, the Council will adopt, revise, or deny the amendments, pursuant to Section 5-404(4) of the Home Rule Charter. As of July 24, 2024, the CPC has yet to transmit its

---

[1] See *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[2] Defendants incorporate the arguments and citations to authorities previously set forth in R. Docs. 14, 24, and 38.

recommendations to the City Council and the City Council has yet to receive and adopt any FLUM amendments. Second, even if the FLUM is ultimately changed, the area affected will be much wider than just Plaintiff's property. Plaintiff's argument that it is being targeted is not plausible. Third, the recommended down-FLUM is related only to land use, not racial make-up. To conclude that the recommendation is racially motivated requires implausible speculation. Fourth, the "coded" language referenced by Plaintiff relating to the CPC FLUM hearing is non-racial for the same reasons as cited in Defendants' previous briefs.

In sum, Plaintiff's additional "facts" alleged in the Motion fail to remedy the implausibility of Plaintiff's Fair Housing Act ("FHA")[3] claims - whether disparate impact[4] or intentional discrimination[5] - or any of the other claims asserted in the Original Complaint.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion should be denied.

---

[3] 42 U.S.C. §§ 3601-3619.
[4] See *Texas Department of Housing and Community Affairs v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 524, 135 S.Ct. 2507, 192 L.Ed.2d 514 (2015) (quoting *Ricci v. DeStefano*, 557 U.S. 557, 577, 129 S.Ct. 2658, 174 L.Ed.2d 490)(2009)); *Inclusive Communities Project v. Lincoln Prop.*, 920 F.3d 890, 909 (5th Cir. 2019) (affirming grant of motion to dismiss disparate impact claim for failure to adequately allege causation).
[5] See *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252 (1977).

Respectfully submitted,

__/s/_ *James Roquemore*_____
**JAMES ROQUEMORE, LSBA #40335**
ASSISTANT CITY ATTORNEY
**SHAWN LINDSAY, LSBA #28466**
DEPUTY CITY ATTORNEY
**CORWIN ST. RAYMOND, LSBA #31330**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSBA #23338**
CITY ATTORNEY
1300 PERDIDO STREET
CITY HALL - ROOM 5E03
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 658-9800
FACSIMILE: (504) 658-9868
E-MAIL: james.roquemore@nola.gov

*Counsel for the City of New Orleans, New Orleans City Council, and Freddie King, III, in his official capacity as a member of the New Orleans City Council*