**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

STANTON SQUARE, LLC,

      Plaintiff,

v.

THE CITY OF NEW ORLEANS and
THE NEW ORLEANS CITY COUNCIL
      Defendants.

CIVIL ACTION NO. 2:23-cv-05733

JUDGE: Brandon S. Long

MAGISTRATE: Michael North

**PLAINTIFF'S REPLY TO DEFENDANT NEW ORLEANS CITY COUNCIL'S**
**RESPONSE TO MOTION TO CONSIDER**
**WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**

In addition to being untimely,[1] the New Orleans City Council's (the "Council") response to Plaintiff's motion fails to identify any caselaw that justifies—let alone mandates—continued sealing of Plaintiff's brief in opposition to summary judgment and select exhibits thereto.[2] The Fifth Circuit has, time and again, instructed trial courts to "be ungenerous with their discretion to seal judicial records."[3] Here, the Council's arguments for sealing fail for at least three reasons: (1) the Council ignores governing law holding that the presumption of public access to judicial documents is at its highest under the present circumstances; (2) the reasons that the Council articulates in favor of sealing are not compelling as a matter of law; and (3) the Council's

---

[1] Local Rule 5.6(D)(2)(b) required the Council to file "a statement and/or declaration" supporting sealing the provisionally sealed documents "[w]ithin seven days of the filing." The Council filed their response twenty-one days after Plaintiff's original motion, R. Doc. 152, and fourteen days after Plaintiff's corrected motion, R. Doc. 156. "The court therefore need not consider any arguments or evidence submitted in [the Council's] untimely filing" and may order the records unsealed for that reason alone. *Mendy v. Pendleton*, No. CV 24-2765, 2025 WL 471804, at *3 (E.D. La. Feb. 12, 2025) (citations omitted); *see also Nelson v. Star Enters.*, No. 99-30976, 2000 WL 960513, at *1 (5th Cir. June 15, 2000).

[2] *See generally* Def. New Orleans City Council's Resp. in Supp. of Mot. to Consider Whether Another Party's Material Should be Sealed ("Resp."), R. Doc. 165.

[3] *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021); *see also SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) ("[T]he district court's discretion to seal the record of judicial proceedings is to be exercised charily.") (quotation omitted).

proposal for using the provisionally sealed documents at trial is logistically difficult and legally improper.

*First*, the Council does not engage with the governing law, which requires a "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[4] Nor does the Council recognize or attempt to rebut binding precedent that public access "is particularly legitimate and important" where "at least one of the parties to the action is a public entity or official,"[5] or that documents used in adjudicating summary judgment "present the clearest example of judicial records presumptively subject to public scrutiny."[6] The text messages and related briefing and exhibits that the Council seeks to seal are integral to a key question at summary judgment: whether the Council was motivated in part by discriminatory intent when it acted to block Plaintiff's development.[7] The case is "at the *adjudicative* stage, when materials enter the court record," and "the standard for shielding records from public view is far more arduous."[8] The Council's response does not acknowledge this demanding standard, let alone attempt to meet it.

*Second*, the Council fails to identify "interests favoring nondisclosure" that would justify sealing.[9] Courts have, for example, allowed sealing of judicial records to "protect[] trade secrets or the identities of confidential informants" or in cases where disclosure could "endanger lives or

---

[4] *Binh Hoa Le*, 990 F.3d at 419 (cleaned up).

[5] *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 233 (5th Cir. 2020) (quotation omitted); *see also, e.g.*, *Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514, 517 (E.D. La. 2005); *Anderson v. Dean*, No. CV 21-1891, 2022 WL 19404207, at *3 (E.D. La. Mar. 14, 2022).

[6] *Binh Hoa Le*, 990 F.3d at 420 & n.41 (quoting Laurie Kratky Dore, S*ecrecy by Consent: The Use and Limits of Confidentiality in the Pursuit of Settlement*, 74 Notre Dame L. Rev. 283, 375 (1999)).

[7] *See* Mem. in Opp'n to Defs.' Mot. for Summ. J., R. Doc. 152-2, at 17–18, 24, 39.

[8] *Binh Hoa Le*, 990 F.3d at 420 (emphasis in original). The Council's claim that these messages "would not typically be produced in litigation," Resp. at 3, is without foundation or legal basis. Messages from public officials expressing their reasons for making the very decisions at issue in litigation are uncontroversially discoverable, as Judge North recognized when he ordered the search of Councilmember King's phone. Minute Entry (June 26, 2025), R. Doc. 98.

[9] *Van Waeyenberghe*, 990 F.2d at 848.

threaten national security."[10] They have rejected it when, as here, the Council would "simply prefer to keep things under wraps."[11] Citing to inapposite cases involving the Fourth Amendment warrant requirement and non-party subpoenas, the Council asserts that Councilmember King's privacy interest in his cell phone justifies perpetual sealing.[12] That the Council is unable to point to a single case in which a judicial record was sealed pursuant to a party's generalized privacy interest is telling. In truth, the Fifth Circuit has acknowledged that "a party's 'privacy interests are diminished' when that party is a public person,"[13] and other courts have followed suit.[14]

The Council raises speculative concerns that upholding the public right to access judicial records will lead to Plaintiff's representatives using the records "to embarrass and harass Councilmember King."[15] The Council has no response to the fact that *Defendants* rejected *Plaintiff's* offer to limit public dissemination of the provisionally sealed records.[16] In any event, the law is clear that "[h]arm to reputation and embarrassment are not sufficient reasons" to overcome the presumption of public access.[17]

*Third* and finally, the Council blithely asserts that "Plaintiff is free to use [the provisionally sealed records] at trial or for any other purpose in this litigation so long as the confidentiality designation is maintained,"[18] without mentioning the logistics such an arrangement would require. Councilmember King's text is a key piece of evidence. How would

---

[10] *Binh Hoa Le*, 990 F.3d at 417, 419.

[11] *Id.* at 417.

[12] *See* Resp. at 3 & nn. 6, 7.

[13] *Ackal*, 954 F.3d at 233 (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772,787 (3d Cir. 1994)).

[14] *Ali v. Gensler*, No. CV 23-6692, 2024 WL 489547, at *1 (E.D. La. Feb. 8, 2024) (denying seal despite a party's claim that "information is continuing to be exploited via the local news" in a case involving a public official).

[15] Resp. at 4.

[16] *See* R. Doc. 156-1 at 2–3 & n.6. The Council attempts to draw an ominous inference from the fact that Plaintiff's counsel failed to respond to an inquiry from Defendants about how it intended to distribute information relevant to the instant motion. *Id.* By the point Defendants asked the question, Plaintiff was in the physical process of filing its brief opposing summary judgment under seal (more than a month after Plaintiff originally challenged the Council's confidentiality designations and two weeks after Plaintiff offered to limit public dissemination of the messages).

[17] *Ali*, 2024 WL 489547, at *1 (citation omitted).

[18] Resp. at 4.

Plaintiff use the records at trial while maintaining their confidentiality? Would the Council seek

to close the courtroom? This would open an entirely new can of worms:

> Sealing a record undermines that interest [of public access], but shutting the courthouse door poses an even greater threat to public confidence in the justice system. 'Open trials assure the public that procedural rights are respected, and that justice is afforded equally. Closed trials breed suspicion of prejudice and arbitrariness, which in turn spawns disrespect for law.'[19]

Because the Council has not identified any law justifying continued sealing of the

materials at issue, or articulated any compelling reason why continued sealing is necessary,

Plaintiff respectfully asks the Court to remove the provisional seal and allow Plaintiff to file its

brief in opposition to summary judgment and exhibits thereto unredacted on the open docket.


Dated: July 20, 2026

Respectfully submitted,

/s/ *Yiyang Wu*
YIYANG WU*
REED COLFAX*
EDWARD OLDS*
ELLORA THADANEY ISRANI*
    OF
RELMAN COLFAX PLLC
1225 19th St. NW, Suite 600
Washington, DC 20036
* Appearing *pro hac vice*

REAGAN R. WILTY (No. 35292)
RANDALL A. SMITH, T.A. (No. 2117)
    OF
SMITH & FAWER L.L.C.
201 St. Charles Ave., Suite 3702
New Orleans, LA 70170
Telephone: (504) 525-2200
Facsimile: (504) 525-2205

***Counsel for Plaintiff Stanton Square, LLC***

---

[19] *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019) (quoting *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 595 (1980) (Brennan, J., concurring)).